**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EDDIE LEE PATRICK, JR.**                                                              **PETITIONER**
**ADC # 94049**

**VS.**                            **NO. 5:14CV00047-JLH-BD**

**JEFFERSON COUNTY CIRCUIT COURT**[1]                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

---

[1] Mr. Patrick has not named the proper respondent in his habeas petition. Rule 2 of the Rules Governing Section 2254 Cases provides, "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Mr. Patrick is currently in the custody of the Arkansas Department of Correction. (#2 at p. 1)

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

II.     **Background and Discussion**

Petitioner, Eddie Lee Patrick, Jr., is serving a 480-month sentence in the Arkansas Department of Correction ("ADC") for terroristic threatening and rape. Mr. Patrick files this pro se petition for a writ of habeas corpus (docket entry #1) claiming ineffective assistance of counsel because his lawyer did not introduce evidence at trial that another person's semen was found in the victim. (#1 at p. 4)

On October 8, 2009, this Court entered an order dismissing, with prejudice, all of Mr. Patrick's claims in a petition for writ of habeas corpus filed on November 5, 2008. In that petition, Mr. Patrick challenged the same conviction and sentence he challenges in the instant petition. This Court dismissed the 2008 petition on grounds that all of the claims were barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). See *Patrick v. State of Arknsas*, No. 5:08cv00295-BD (E.D. Ark. filed Nov. 5, 2008).

On February 5, 2010, Mr. Patrick filed a second pro se petition for a writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2254, claiming he was denied a fair trial and

effective assistance of counsel during his trial in the Circuit Court of Jefferson County, Arkansas. See *Patrick v. State of Arkansas*, No. 5:10cv00035-JLH-BD (E.D. Ark. filed Feb. 5, 2010). The Court dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases, because the petition was a second or successive petition filed without authorization from the Eighth Circuit Court of Appeals. *Id*. at docket entry #4.

In this petition, Mr. Patrick again seeks to raise an ineffective assistance of counsel claim challenging the same conviction and sentence without first seeking authorization from the Eighth Circuit. Summary dismissal is appropriate under Rule $4^1$ of the Rules Governing Section 2254 Cases where the face of the petition and the court records, of which a federal district court can take judicial notice, indicate that the petition is a second or successive petition filed without authorization from the appropriate court of appeals. *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

Before filing a second or successive habeas application in district court under § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Without an order from the circuit court authorizing the filing of a second or successive habeas application, a district court does not have jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 153, 157 (2007) (per curiam).

From the face of the instant habeas petition and the court records, it plainly shows that this petition is a successive habeas application. Mr. Patrick apparently has not

obtained authorization from the Eighth Circuit to file a petition. Accordingly, this Court lacks jurisdiction to entertain the petition.

### III. Conclusion

The Court recommends that the District Court DISMISS Petitioner Eddie Lee Patrick Jr.'s petition for writ of habeas corpus, without prejudice, for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 13th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE